**STATE of Missouri, Respondent,**

v.

**Leroy BRAY, Appellant.**

**No. WD 41045.**

Missouri Court of Appeals,
Western District.

Aug. 1, 1989.

Kathy Matthews, Kansas City, for appellant.

Albert A. Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for respondent.

Before SHANGLER, P.J., and
TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Leroy Bray appeals from a conviction upon a trial to the court of driving a motor vehicle on a Missouri highway when his driving privilege had been revoked by the Missouri Department of Revenue and had not been reinstated, section 302.321, RSMo 1986. He was sentenced to five days in jail.

At the time of his arrest Mr. Bray, who at all times pertinent hereto was a resident of Kansas, had in his possession a current Kansas driver's license, fair on its face.

There was in evidence a Missouri Department of Revenue record showing the revocation of Mr. Bray's driving privilege. In a

space for "license number" the words are inserted "no license issued".

 The first point Bray makes is that only his "driving privilege" had been revoked, whereas section 302.321 applies only where both one's "operator's or chauffeur's license *and* driving privilege as a resident or nonresident has been canceled, suspended or revoked". (Emphasis added). Since only his driving privilege had been revoked, he argues, and not his license, his driving on Missouri highways was not an offense under section 302.321.

The answer to Mr. Bray's argument is that his Kansas driver's license had been revoked, as well as his driving privilege, insofar as the Kansas license conferred upon him an exemption (section 302.080, RSMo 1986) from the requirement that he have a Missouri driver's license in order to drive upon Missouri's highways. Section 302.150, RSMo 1986, provides that the driving privilege of a nonresident driver may be revoked "in like manner and for like cause as an operator's, registered operator's or chauffeur's license issued hereunder". We interpret section 302.321 so as to harmonize with the other statutes on the subject, including section 302.150. Of course, the Missouri Department of Revenue has no power to revoke generally the driver's license of a Kansas resident; only the Kansas state authorities can do that. If appellant's interpretation of the statute were correct, so that he could continue to drive upon Missouri highways so long as his Kansas driver's license was current, Missouri would be left powerless to enforce its revocation of the driving privilege of a nonresident. Such a result is not consonant with the statutory scheme.

 Appellant next claims that article IV, section 1 of the Constitution of the United States requires that "full faith and credit" be given to the Kansas driver's license, and that appellant's possession of a valid driver's license entitles him to drive upon Missouri's highways even though his driving privilege had been revoked, as described above. The appellant does not cite any cases which support this novel proposition and we reject his claim. *See Louisi-*

*ana Board of Pharmacy v. Smith,* 226 La. 537, 76 So.2d 722, 726 (1954).

Judgment affirmed.

All concur.